FILED

98 AUG 31 PM 2:50

U.S. DISTRICT COURT
N.D. OF ALABAMA

ko

ENTERED

AUG 3 1 1998

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BLUE CROSS AND BLUE SHIELD OF )
ALABAMA,                       )
                               )
    Plaintiff,                 )
                               )
v.                             )    CV-98-AR-1524-S
                               )
CONNIE FRANKLIN GILMORE,       )
ET AL.,                        )
                               )
    Defendants.                )

## MEMORANDUM OPINION

After the Clerk entered default against defendant in the above-entitled case on August 20, 1989, this court entered an order directing plaintiff either to prove its damages by affidavit or to request an evidentiary hearing on the issue of damages. The court now has before it plaintiff's response and accompanying affidavits.

### Findings of Fact

Less than the amount claimed in plaintiff's complaint, which seeks damages of $23,924.88, plaintiff, Blue Cross and Blue Shield of Alabama ("Blue Cross"), provides the affidavit of Mary M. Lane ("Lane affidavit"), as custodian of the files of plaintiff and of its records regarding defendants, Connie Franklin Gilmore and John A. Gilmore. Based upon said affidavit, Blue Cross has sustained damages for breach of contract by and between it and defendants in the amount of $23,588.88.

Pursuant to the remedial framework of ERISA, 29 U.S.C.

1

10

§ 1132(g), the court may in its discretion tax against a defendant an amount equal to the prevailing party's reasonable attorneys' fees plus costs. Plaintiff has submitted the affidavit of Kimberly R. West ("West affidavit"), counsel to Blue Cross. The court finds as a fact that Blue Cross's reasonable attorneys' fees are $1822.50 and its other reasonable costs are $209.25.

Pursuant to 28 U.S.C. § 1961, this court may in its discretion also award pre-judgment interest to the prevailing plaintiff. Plaintiff offers the West affidavit to support a pre-judgment interest calculation in the amount of $710.83. The court concurs in plaintiff's arithmetic.

## Conclusions of Law

The court has jurisdiction both over the subject matter and the parties. The default was properly entered by the Clerk for defendants' failure to defend. In an exercise of its discretion, the court concludes that Blue Cross's reasonable attorneys' fees, expenses and prejudgment interest are due to be awarded. Based upon the findings of fact, defendants owe plaintiff the sum of $26,331.46 for which said sum judgment will be separately entered.

DONE this 31st day of August, 1998.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE